## CORPORATION COURT OF THE CITY OF RADFORD

Helen M. Howe, in her own right,
and as Adm'x c.t.a. of the estate
of C. K. Howe, Jr.

v.

William Kent Howe, an infant

March 10, 1953

By JUDGE F. L. HOBACK

In the instant cause it appears that Charles Kent Howe, Jr., died testate in the City of Radford, Virginia, on May 6, 1951, leaving surviving him his wife, Helen M. Howe, and William Kent Howe, an adopted son, and on May 15, 1951, the Will of Charles Kent Howe, Jr., was probated in the Clerk's Office of the Corporation Court for the City of Radford, Virginia. This Will dated December 14, 1941, left all of the property of Charles Kent Howe, Jr., to his wife, Helen M. Howe. William Kent Howe was born on February 14, 1943, and the Final Adoption of the child by Charles K. Howe, Jr., and Helen M. Howe was pursuant to an Order entered by the Corporation Court for the City of Radford, Virginia, on May 14, 1945. It thus appears that William Kent Howe was not only born after the Will of December 17, 1941, but was also adopted after the date of said Will.

The sole question before the Court for decision is whether or not the said William Kent Howe, the adopted son of the Testator Charles Kent Howe, Jr., and Helen M. Howe, is a pretermitted child under the Laws of Virginia and as such entitled to participate in the estate of Charles Kent Howe, Jr.

A Memorandum of Authorities has been filed in this cause by John B. Spiers, Attorney for Helen M. Howe in her own right, and as Administratrix C.T.A. of the Estate of Charles Kent Howe, in which

Memorandum the various Code Sections and other authorities dealing with this problem are called to the attention of the Court. No attempt will be made in this Opinion of the Court to again set forth the various authorities contained in said Memorandum, but reference is here specifically made to the said Memorandum and the authorities contained therein are incorporated in this Opinion by reference.

The Court, after carefully examining all of said authorities, including the Code Sections referred to therein, is of the opinion that the said William Kent Howe is a pretermitted child under the Laws of Virginia, and as such is entitled to participate in the Estate of Charles Kent Howe, Jr.

While no authority has been called to the attention of the Court, and no such authority has been found by the Court where this question has been adjudicated by the Supreme Court of Appeals of Virginia, nevertheless, it is the opinion of the Court that when such a question is presented to the Supreme Court of Appeals of Virginia that this Court will adjudicate that an adopted child is embraced within the statutes dealing generally with pretermitted children.

Section 64-69 of the Code of Virginia specifically states that if any person die "leaving a child" etc., but the Statute does not provide that the child who is left shall be the natural child of the decedent.

Section 63-357 of the Code of Virginia specifically provides that

> Any child adopted under the provisions of this chapter shall, from and after the entry of the interlocutory order or from and after the entry of the final order where no such interlocutory order is entered, be, to all intents and purposes, the child of the person or persons so adopting him, and, unless and until such interlocutory order or final order is subsequently revoked, shall be entitled to all the rights and privileges, and subject to all the obligations, of a child of such person or persons born in lawful wedlock.

In the case of *Dickenson* v. *Buck*, 169 Va. 39, 192 S.E. 748 (1937), it was held that the will and adoption statute should be construed together, and further that "A child by adoption for 'all intents and purposes' is the child and heir-at-law of the adopting parent and entitled to 'all of the rights and privileges' of a child of such parent born in lawful wedlock."

There can be no doubt that a natural child of the Testator born subsequent to the execution of his Will would be pretermitted under the Virginia Laws; an adopted child, having been placed upon the same basis as a natural child, is, therefore, entitled to the same rights and privileges. This right is likewise clearly indicted by the provisions of Section 63-358 of the Code, and there would be no question that if the said Charles Kent Howe, Jr., had died intestate that the adopted child would inherit according to the Statute of Descent and Distribution.

The right of an adopted child to inherit is to be determined by the law in force at the death of the person from whom the inheritance is claimed, (*McFadden* v. *McNorton*, 193 Va. 455 (1952)) and our Court of Appeals has held that the Adoption Statute should be liberally construed. See *McFadden* v. *McNorton*, supra, and *Fletcher* v. *Flanary*, 185 Va. 409, 38 S.E.2d 433 (1946). The Renunciation Statute, Section 64-16, specifically includes an adopted child.

All of these authorities clearly indicate that an adopted child should now be considered as occupying the same position after adoption as that occupied by a natural child and possessed of all of the rights and privileges belonging to a natural child.

In addition to the authorities contained in the Memorandum of Authorities filed herein, reference is likewise had to an annotation in 24 A.L.R.2d 1079, dealing with a somewhat similar problem, and to 1 *Page on Wills*, (3rd Lifetime Edition) Section 527.

It is, therefore, the opinion of the Court that William Kent Howe is a pretermitted child under the Laws of Virginia and as such is entitled to participate in the Estate of Charles Kent Howe, Jr., in accordance with the provisions of Section 64-69 of the Code of Virginia, and a Decree to this effect may be prepared for entry.